UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )    CRIMINAL NO. 1:21-cr-10204-IT
                                    )
STEVEN RIOS,                        )
        Defendant                   )

**DEFENDANT'S SENTENCING MEMORADUM**

Now comes the Defendant, *Steven Rios*, and respectfully submits this sentencing memorandum in support of a sentence of 60 months, followed by 3 years of supervised release, and no fine, based on Mr. Rios' inability to pay a fine.

**Defendant's Sentencing Argument**

"District Courts must determine in each case what constitutes a sentence that is 'sufficient, but not greater than necessary, to achieve the overarching sentencing purposes of 'retribution, deterrence, incapacitation and rehabilitation.'" *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1903 (2018), citing *Tapia v. United States*, 131 S. Ct. 2382 (2011).  "…[a] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 596 (2007).  "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id*.  After both parties are given an opportunity to argue for a sentence the party deems appropriate, the Court should then consider all factors set out in 18 U.S.C. § 3553 (a).  *Id*. at 596.  The court

may not presume the Guidelines range is reasonable.  The court "must make an individualized assessment based on the facts presented." *Id*. at 597.

## Steven Rios' Background

<u>Personal/Family</u>

Steven Rios is a 25-year-old young man who was born and raised in Methuen, MA.  Steven's father is a manager of an office furniture business. Steven's mother works as a medical billing representative.  Steven has four siblings.  The oldest, Kiana, 28, has been disabled since birth.  Kiana was born with a genetic defect that has affected her ability to ambulate.  She is also non-verbal.  She lives in a nursing home to provide her with proper care.  Steven also has a brother, Nathaniel, 24.  Nathaniel lives with his parent in North Andover and works with his father at his furniture company.  Steven has another sister, Mia, 20 who lives in Haverhill, MA.  Steven also has one half-sister, Ayana, 23 who lives in Lowell, MA.

Steven was raised in Methuen.  While his parents provided for the family, his father struggled with addiction to Percocet pills.   Steven observed domestic violence in the home when growing up.  On at least one occasion, Steven observed his father strike his mother.

Steven moved in with his grandmother when he was 16 years-old.  After about one-year, Steven left his grandmother's house and began living on his own.

Steven has been involved in an on/off relationship with Aaliyha Hernandez for approximately 10 years.  This relationship produced a son.  His son turned 2 years-old in January.

Steven also has a 3-year-old daughter with Kenyaliz Miranda. Both children reside with their respective mothers in Methuen and Lawrence. Steven works to be a good father for his children. He sees both of his children on a regular basis and also provides financial support for their well-being.

Education and Employment History

Mr. Rios dropped out of school in the 10th grade. After dropping out of school, Mr. Rios promptly earned his GED.

Mr. Rios began working with his father as an office furniture installer when he was 14 years-old. In 2018, when he was 21 years-old, Mr. Rios secured employment for FH Cann & Associates in North Andover. This company was a subcontractor for the Department of Education. He worked to recover money from individuals who defaulted on their student loans. Mr. Rios was very successful in his role as a financial recovery specialist. Mr. Rios was names Rookie of the Year at his job and was earning a good salary. He remained at this job until March 2020, when the COVID-19 pandemic forced the company to lay him off. This layoff had nothing to do with performance. Instead, it was driven by the moratorium imposed on student loan payments during the pandemic. Mr. Rios was proud of his performance and believes he would still be working there today, but for the layoffs due to the pandemic.

His success and performance while at FH Cann demonstrate his ability to succeed and his willingness to be a hard worker and achieve his own success. Upon his release, Mr. Rios hopes to find similar success in some profession where his hard work will be rewarded.

Substance Abuse

Mr. Rios has had some struggles with addiction. When he was 15 years-old, Mr. Rios began taking Percocet pills for an injury he suffered in a car accident. His use of Percocet rose to a level of (10) 30 mg pills per day. Mr. Rios was able to enroll in a suboxone clinic in an effort to control his addiction to Percocet pills. He was unable to defeat his Percocet addiction. Mr. Rios recognizes drug addiction can lead to many problems in his life. This case represents one of those problems when he tried to take suboxone strips into the jail with him. Mr. Rios had vowed to continue to fight his addiction upon his release.

## Applicable Sentencing Guidelines

In this case, Rios has pled Guilty to Count Two, Conspiracy to Distribute and Possess with Intent to Distribute 40 Grams or More of Fentanyl, 500 grams or more of Cocaine and Suboxone in violation of 21 U.S.C. §§ 846 & 841(b)(1)(C). This charge has a base level offense of 6. U.S.S.G. §2D1.1. The offense occurred within a prison, correctional facility or detention facility. This results in a 2-level increase. U.S.S.G §2D1.1(b)(4).

Mr. Rios has pled guilty to Count Five, Conspiracy to Commit Kidnapping in violation of 18 U.S.C. § 1201. This charge has a base level offense of 32. U.S.S.G. §2A4.1(a). The combined offense level of Counts two and five is disregarded because the difference in the offense level for Conspiracy to Commit Kidnapping and Conspiracy to Distribute and Possess with Intent to Distribute 40 Grams or More of Fentanyl, 500 grams or more of Cocaine and Suboxone is greater than 9 levels.

The combined adjusted offense level is 32. U.S.S.G. §3D1.4(c).

Mr. Rios has clearly accepted responsibility for his offense, thereby decreasing his base level offense by 2 for a total base level offense of 30.  U.S.S.G. §3E1.1(a)

Mr. Rios timely notified the Government of his intention to enter a Guilty plea on the above referenced charges thereby allowing the Government to avoid preparing for trial resulting in a 1-level decrease in his base level offense for a total base level offense of 19.  U.S.S.G. § 3E1.1(b).

The resulting **base level offense is 29.**

Criminal History

Mr. Rios' **Criminal History assigns a score of 7** stemming from the following:

1. Docket # 1518CR6865 in the Lawrence District Court.  Mr. Rios was convicted of Possession of Marijuana.  This matter was continued without a finding for one year.  Rios violated his probation and received a 6-month suspended sentence.  This offense is assigned a criminal history score of **2 points**.

2. Docket # 1718CR2054 in the Lawrence District Court.  Mr. Rios was convicted of Leaving the Scene of Property Damage and received a term of probation.  Probation was revoked and Mr. Rios received a sentence of 6-months committed.  This offense is assigned a criminal history score of **2 points.**

3. Docket # 1718CR2298 in the Lawrence District Court.  Mr. Rios was convicted of Operating a Motor Vehicle with a suspended license and Leaving the Scene of an Accident with Property Damage.  Mr. Rios received a 10-day committed sentence on Operating with a suspended license and 6 months committed on the charge of Leaving the Scene an Accident with property Damage.  This offense is assigned a criminal history score of **2 points.**

4. Docket # 1836CR0023 in the Salem District Court.  Mr. Rios was convicted of one Count of Assault and Battery and one count of causing a Disturbance at a Correctional Facility.  Mr. Rios received a sentence of one-year probation.  This offense is assigned a criminal history score of **1 point.**

The total **criminal history score is 7** and results in a Criminal History **Category IV**.

Guideline Range

Based on an adjusted base level offense of 29 and a criminal history category IV, Mr. Rios' Guideline range is 121-151 months.

Variance from U.S.S.G

Mr. Rios asks the court to impose a variance from the U.S.S.G. as it relates to his case based on the sentencing factors outlines in 18 U.S.C. § 3553(a) and as his criminal history overstates the seriousness of his previous convictions.  "Variances do differ from departures.  There may well be cases that would not justify a departure under the Guidelines but which are appropriate for a variance.  Factors ordinarily considered irrelevant in calculating the advisory guideline range, or in determining whether a guideline departure is warranted, can be relevant in deciding whether to grant a variance." *United States v. Chase*, 560 F. 3d 828, 830 (1st Cir., 2009).  "In fashioning a 'sentence sufficient, but not greater than necessary' {citation omitted}, district courts are not only permitted, but required to, consider the history and characteristics of the defendant." *Id*.  "…factors such as a defendant's age, medical condition, prior military service, family obligations, entrepreneurial spirit etc. can be the basis for a variance." *Id*.  "In addition, factors that have already been taken into account in calculating the advisory guideline range, such as a defendant's lack of criminal history, can

nevertheless form the basis of a variance." *Id*. "In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may therefore take the degree of variance into account and consider the extent of a deviation from the Guidelines. We reject, however, an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the Guidelines range. We also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Gall v. United States*, 552 S. Ct.. 594-595 (2007). "A sentencing determination should begin with the calculation of a particular defendant's GSR." *United States v. Martin*, 520 F.3d 87, 91 (1st Cir., 2008). Next, the court should weigh the sentencing factors in 18 U.S.C. § 3553(a). *Id*. "[a] sentencing court should not consider itself constrained by the guidelines to the extent that there are sound, case specific reasons for deviating from them. Nor should a sentencing court operate in the belief that substantial variances from the guidelines are always beyond the pale." *Id*. "Rather the court should 'consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Martin* citing *Gall v. United States*, 128 S. Ct. at 598.

    Considering Mr. Rios' background, the facts and circumstances of his case, his criminal history, as well as the sentencing factors, discussed *infra*, a variance from the sentencing guidelines is just and will provide a sentence that is 'sufficient but not greater than necessary.'

Sentencing Factors under 18 U.S.C. § 3553(a)

The Court, in determining the particular sentence to be imposed, shall consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1).  "The commission has not developed any standards or recommendations that affect sentencing ranges for many individual characteristics, matters such as age, education, mental or emotional condition, medical condition (including drug or alcohol addiction), employment history, lack of guidance as a youth, family ties, or military, civic, charitable or public service are generally not considered under the Guidelines.  See U.S.S.G. Manual, §§ 5111.1-6, 11 and 12 (November 2006).  These are however, matters that § 3553(a) authorizes the sentencing judge to consider." *Rita v. United States*, 127 S. Ct. 2456, 2473 (2007) (Stevens J. and Ginsburg J., concurring).

Nature and Circumstances of Crime

The facts giving rise to these indictments are as follows.  First, Mr. Rios was involved in the breeding of micro bully puppies.  When he learned someone broke into his house and stole his dog, he was upset and heartbroken.  Mr. Rios called co-defendant Suriel and was explaining what happened and that he knew who stole his puppy.  Suriel suggests to Mr. Rios what they are going to do.  In essence the discussion that follows discusses the plan for the kidnapping.  Though Mr. Rios is guilty of the conspiracy to kidnap the dog thief, it would appear Suriel hatched the idea. Mr. Rios did follow through with the plan to kidnap.  He is not shunning criminal responsibility and accepts full responsibility for his actions.

Mr. Rios made a second error in judgement when he foolishly chose to take suboxone strips into the jail with him when he realized his bail would be revoked on an open case.

Mr. Rios acknowledges his actions in the conspiracy to commit kidnapping and the conspiracy to possess with the intent to distribute the suboxone strips are serious crimes.  He is remorseful about his actions and takes full responsibility for his actions.

Personal History and Characteristics of Defendant

Steven Rios is a 25-year-old young man who was born and raised in Methuen, MA.  Steven's father is a manager of an office furniture business. Steven's mother works as a medical billing representative.  Steven has four siblings.  The oldest, Kiana, 28, has been disabled since birth.  Kiana was born with a genetic defect that has affected her ability to ambulate.  She is also non-verbal.  She lives in a nursing home to provide her with proper car.  Steven also has a brother, Nathaniel, 24.  Nathaniel lives with his parent in North Andover and works with his father at his furniture company. Steven has another sister, Mia, 20 who lives in Haverhill, MA.  Steven also has one half-sister, Ayana, 23 who lives in Lowell, MA.

Steven was raised in Methuen.  While his parents provided for the family, his father struggled with addiction to Percocet pills.   Steven observed domestic violence in the home when growing up.  On at least one occasion, Stev3en observed his father strike his mother.

Steven moved in with his grandmother when he was 16 years-old.  After about one-year, Steven left his grandmother's house and began living on his own.

y

Steven has been involved in an on/off relationship with Aaliyha Hernandez for approximately 10 years. This relationship produced a son. His son turned 2 years-old in January.

Steven also has a 3-year-old daughter with Kenyaliz Miranda. Both children reside with their mothers in Methuen and Lawrence. Steven works to be a good father for his children. He sees both of his children on a regular basis and also provides financial support for their well-being.

The Need for the Sentence Imposed

Under 18 U.S.C. § 3553(a)(2), the Court must consider the following factors when imposing sentence:

> The sentence must reflect the seriousness of the offense, and should promote respect for the law, and to provide a just punishment for the offense. The sentence must also afford adequate deterrence to criminal conduct, and should protect the public from further crimes of the defendant, and must also consider whether the sentence will address any needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Seriousness of Offense, Respect for Law, Just Punishment

After pleading Guilty, Mr. Rios is a convicted felon. A sentence of 60-months is 'sufficient, but not greater than necessary.' A 60-month sentence is a significant sentence, for Mr. Rios. 60 months is a long-time for Mr. Rios to be away from his family and his children. Given their ages, his children will be in school at the time he would be released form prison. Allowing Mr. Rios' request for a variance from the Guidelines and imposing an 60-month sentence reflects the seriousness of the offense, promotes respect for the law and is a just punishment for the crimes committed in this case.

Deterrence

      A 60-month sentence serves as a substantial deterrent toward future criminal conduct.  Mr. Rios has become acutely aware of the significant sentences that could be imposed in his case.  He is also aware that recidivism would only make sentences more harsh should he reoffend upon his release.  The discussion of possible sentences has been a sobering reality for Mr. Rios.  Mr. Rios recognizes the reality of his actions, has taken responsibility for his actions and has made a personal vow not to be involved in any criminal activity upon his release.  Mr. Rios recognizes that he will be punished with a sentence of incarceration, for a lengthy period of time.  The Defendant's proposed sentence, and the punishment it provides, is a substantial deterrent toward any future crime.

Protection of the Public

      The proposed sentence will protect the public.  Mr. Rios is not a further danger to the public that would require a longer sentence to protect the public.  A sentence of 60-months is 'sufficient, but not greater than necessary' to accomplish protecting the public.

Correctional Treatment

      As referenced above, Mr. Rios has had some struggles with addiction in his life.  Probation has recommended and Mr. Rios has expressed interest in participating in BOP's 500-hour Residential Drug Abuse Program that is offered by BOP.  A longer sentence of incarceration is not necessary to complete this program.

The Kinds of Sentences Available

There are no mandatory minimum sentences on any of the charges in this case. While probationary terms would be possible, Mr. Rios recognizes a term of incarceration is inevitable.

<u>The Need to Avoid Unwarranted Sentence Disparities</u>

The proposed sentence does not create an "unwarranted" sentence disparity. Mr. Rios's request for a variance is based on (1) the sentencing factors outlined in 18 U.S.C. § 3553(a)(1); (2) the argument that his criminal history overstates the seriousness of his previous criminal convictions; and (3) the sentences received in other kidnapping cases in the First Circuit as compiled in the United States Sentencing Commission Statistical Information Packet from 2021.

The sentencing factors in 18 U.S.C. § 3553(a) are outlined above. The second factor to consider to avoid sentencing disparities relates to Mr. Rios Criminal History score.[1] Mr. Rios has a Criminal History score of 7 points, thereby placing him as a Category IV on the sentencing guideline table. The first two points stems from a conviction for possession of marijuana in 2015. Mr. Rios was 18 years old at the time of this offense. The two points attributed to this offense overstate the seriousness of the criminal conviction. Over time, society has grown to accept marijuana. Marijuana has been decriminalized in almost half of the United States. Acknowledging that possession of Marijuana was illegal in Massachusetts in 2015 at the time of this offense, two points toward Mr. Rios Criminal History overstates the seriousness of this prior conviction. Mr. Rios also received 2 points toward his criminal history score for leaving the scene of

---

[1] Mr. Rios agrees the criminal history score was calculated correctly based on the methods used by the sentencing guidelines used to calculate criminal history.

property damage and another 2 points toward his criminal history for leaving the scene of an accident with property damage.  While crimes, they are motor vehicle offenses.  These 2 crimes, while properly calculated toward Mr. Rios' criminal history score, for a total of 4 additional points, overstates the seriousness of the criminal convictions.

Lastly, according to the United State Sentencing Commission information packet for fiscal year 2021, the First Circuit adjudicated 6 kidnapping cases.  The mean sentence was 69 months and the median sentence was 60 months.  Mr. Rios request for a 60-month sentence avoids the risk of imposing unwarranted sentencing disparities.

## Conclusion

For the reasons outlined above, a 60-month sentence is 'sufficient but not greater than necessary' in this case.

WHEREFORE, Steven Rios respectfully requests this Honorable Court adopt his recommendation for a sentence of 60-months, 3 years of Supervised Release, and no fine, based on his inability to pay.

DATE:  February 22, 2023

Respectfully submitted,
Steven Rios
By his attorney,

/s/ Jeffrey Miller
Jeffrey Miller, Esq.
60 Leo Birmingham Pkwy., Ste. 103
Boston, MA 02135
BBO # 670561
(617) 482-5799
jmiller@millercriminaldefense.com

## CERTIFICATE OF SERVICE

I, Jeffrey Miller, hereby certify that this document, filed through the ECF System, will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF), and that papers will be sent to all non-registered participants who have appeared in this case.

/s/ Jeffrey Miller
Jeffrey Miller
